CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 05 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:16CV00126 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNNAMED, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Abdul Hamza Wali Muhammad, a Virginia inmate proceeding pro se, filed a motion for preliminary injunction in another pending lawsuit, and the court directed that it be removed and filed as this civil rights action pursuant to 42 U.S.C. § 1983 seeking interlocutory injunctive relief.[1] The motion alleged verbal threats by Red Onion State Prison officers. Upon review of the record in this new case, the court finds that Muhammad is not entitled to preliminary injunctive relief and that the action must be summarily dismissed for failure to exhaust administrative remedies before initiating a court action.

Muhammad alleges that on October 15, 2015, K-9 Officer Walter Davis at Red Onion called Muhammad the N-word, said he hoped other inmates would kill Muhammad, and verbally threatened to "sick" his dog on Muhammad for talking while in restraints. (ECF No. 2, at ¶ 4.) Davis also allegedly told Muhammad that because of prior lawsuits he had filed, three officers did not intervene when another inmate attacked Muhammad in January 2013.[2] Davis allegedly threatened Muhammad that unspecified officers would offer gang member inmates rewards "to beat you up" and told Muhammad, "the courts don't care about you," "you lost your cases and when we get tired of you we'll just murder you and cover it up as a suicide or accidental death."

---

[1] See Muhammad v. Mathena, No. 7:14CV00529.

[2] The court notes that Muhammad is separately litigating a § 1983 claim in Muhammad v. Mathena, No. 7:14CV00529, alleging that officers did not intervene in the January 2013 inmate attack.

(Id.) Later that same day, Lt. Gilbert and Sgt. Large allegedly called Muhammad the N-word, and threatened to write a disciplinary charge against him for failing to shave his beard. Gilbert also allegedly said he did not like Muhammad and threatened to send the inmate to a higher security housing unit. Muhammad filed an informal complaint about the officers' comments. Based on these allegations, Muhammad contends that he is entitled to unspecified preliminary injunctive relief.

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22 (citation omitted).

Muhammad's motion for interlocutory relief does not demonstrate any likelihood that he will suffer irreparable harm without prompt court intervention or any likelihood of success on the merits of claims related to these allegations. At the most, he alleges that on October 15, 2015, these officers made verbal threats to harm him, used racially offensive words, and taunted him about losing his past lawsuits. Such conversations, if they occurred, are unprofessional and disrespectful, but they do not represent a violation of Muhammad's constitutional rights. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (finding that allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim). Moreover, Muhammad's motion itself reflects that the officers' alleged threats were empty ones, as he does not allege that anyone sent

2

the dog to bite him or charged him for not shaving on October 15, 2015. The court cannot find that Muhammad's stated fears of retaliatory physical attacks arising from these alleged threats are sufficient evidence of imminent, irreparable harm worthy of the requested interlocutory relief. Accordingly, the court will deny Muhammad's motion for a preliminary injunction.

Furthermore, Muhammad clearly filed this motion before exhausting administrative remedies, regarding the officers' alleged threats on October 15, 2015. It is well established that under 42 U.S.C. § 1997e(a), a prisoner cannot bring any court action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). Failure to exhaust all available levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005).

Operating Procedure ("OP") 866.1 is the multi-step, administrative remedies procedure that inmates in the Virginia Department of Corrections ("VDOC") must follow to comply with § 1997e(a).[3] An inmate must first attempt to resolve his issues informally by completing an informal complaint form. If unsatisfied with the response, he can file a regular grievance on the matter, seeking a response from the warden or his designee (Level I). If dissatisfied at Level I, the inmate can appeal for a Level II response from the appropriate VDOC administrative representative, and in some instances, a Level III response, depending on the issue.

The date beside Muhammad's signature on his motion for preliminary injunctive relief is October 15, 2015, the same day that he filed his informal complaint about the officers' threats.

---

[3] The court takes judicial notice of VDOC operating procedures, which are available online.

Thus, he sought court action after taking only the first step in the multi-stage administrative remedies procedure available to him at Red Onion. Because he clearly failed to exhaust available administrative remedies before initiating this action, the court will summarily dismiss the action without prejudice under § 1997e(a).

Finally, the court must deny Muhammad's recently filed motions seeking to amend this action. First, the motions to amend this prematurely initiated action are futile, as the case itself must be dismissed for failure to exhaust administrative remedies before initiating court action.

Moreover, Muhammad's proposed amended complaint is not consistent with Rule 20 of the Federal Rules of Civil Procedure, regarding joinder of parties. Rule 20 allows the joinder of claims against multiple parties only if the claims against those parties arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. In other words, "a plaintiff may name more than one defendant in a lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." Green v. Denning, No. 06-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). This rule applies with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" Id. (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

As stated, Muhammad's proposed amended complaint does not comply with Rule 20. It seeks to add a claim completely unrelated to the issues raised in the initial complaint (alleged threats by defendants Davis, Large, and Gilbert) and to add defendants not involved in the claims against those initially named parties. Moreover, Muhammad's submissions name numerous officials as defendants, who are not mentioned in either the initial motion for interlocutory

4

injunctive relief or in the proposed amended complaint. Accordingly, the court concludes that the amendments proposed in Muhammad's motions are not proper under the Federal Rules and that the motions to amend (ECF Nos. 4 and 5) must be denied. Dismissal of the action without prejudice leaves plaintiff free to refile his claims in new and separate civil actions, provided that he corrects the noted deficiencies.

An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of April, 2016.

*/s/ Glen Conrad*
Chief United States District Judge